UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOAN L. SMITH,

                Plaintiff,

-vs-

KOHL'S DEPARTMENT STORES, INC.,

                Defendant.
------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

**'06 CIV 14439**

**ROBINSON**

## INTRODUCTION

1. Plaintiff Joan L. Smith brings this action to redress the violation of her civil rights under Title VII of the Civil Rights Act of 1964 and other laws prohibiting employment discrimination.

## PARTIES

2. Plaintiff is an African-American woman who resides in County of Ulster. At all times relevant to this action, she worked in defendant's Sullivan County distribution facility.

3. Defendant is a corporation organized to do business in the State of New York. It may sue and be sued.

## JURISDICTION AND VENUE

4. As plaintiff brings this action to enforce her rights under the Civil Rights Act of 1866 and the Civil Rights Act of 1964, this Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1343 (3) & (4) and 42 U.S.C. §§ 1981 and 2000e et seq.

5. On February 1, 2006, plaintiff dual-filed a charge of discrimination with the New

York State Division of Human Rights and the Equal Employment Opportunity

Commission.  As plaintiff received a notice of right to sue from the EEOC on

December 8, 2006, this Honorable Court has subject matter jurisdiction to hear

and resolve this case.

6.  This Honorable Court has subject matter jurisdiction under the State law claim

because it arises from the same nucleus of operative facts as the Federal claims.

**FACTUAL AVERMENTS**

7.  Plaintiff commenced employment at the Kohl's Mamakating Distribution Center

in February 2002.  She was assigned to the janitorial staff.

8.   Commencing in mid-2002 and continuing through the end of her employment in

January 2006, plaintiff – one of the few black employees – was repeatedly

subjected to unwelcome racist epithets from co-workers and her manager,

William Pooley.

9.  Among other epithets, co-workers on a regular basis called plaintiff "nigger" and

"Aunt Jemimah" and wrote racist graffiti on the bathroom walls.

10. Pooley also subjected plaintiff to racial hostility on a regular basis.  On one

occasion, when plaintiff was reading a book about Rosa Parks, Pooley said that

had he been around at that time, "she would have gotten off that bus."  Pooley

also made an inappropriate comment about racial whipping, a reference to slavery.

11. While plaintiff complained to management about the hostile work environment,

defendant did not take effective remedial action and the harassment continued.

12. In 2005, plaintiff complained about the racially hostile work environment to

Charles Mangini (Director of Distribution) and Colleen Newton (Human Resources Supervisor). After Mangini denied there was any racism at the facility and ripped up plaintiff's complaint, she responded that she was called "nigger" every day.

13. In October 2005, plaintiff complained to Jacquie Leventoff, Manager of Human Resources, about the hostile work environment. Although Leventoff said that she would speak to management about the problem, the harassment did not stop and, in retaliation, plaintiff was assigned for the first time to clean up after her co-workers.

14. In December 2005, plaintiff requested time off from December 26, 2005 through January 6, 2006. Although her initial paperwork stated that plaintiff would return to work on January 2, 2006, her supervisor, Linda Joslin, granted the plaintiff's requested extension to January 6.

15. However, when plaintiff returned to work on January 6, 2006, in Joslin's presence, Pooley told her that she was expected to return on January 2 and she was fired for abandoning her position. Joslin did not defend plaintiff in advising Pooley that plaintiff was allowed to return on January 6.

16. Moments after he fired plaintiff, Pooley said "That's one down" and that plaintiff was "gone."

17. Pooley knew that plaintiff had received permission from Joslin to return to work on January 6, 2006. He terminated plaintiff's employment on account of her race and in retaliation for her repeated complaints about racial harassment.

18. Plaintiff's unlawful termination has cost her wages and benefits.

19. As a result of her unlawful harassment and termination, plaintiff has suffered physical and emotional damages, including pain and suffering and humiliation.

## CAUSES OF ACTION

20. In subjecting plaintiff to a racially-hostile work environment, defendant violated 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981 and the New York Human Rights Law.

21. In terminating plaintiff on account of her race and in retaliation for complaining about racial harassment in the workplace, defendant violated 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981 and the New York Human Rights Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  assume jurisdiction over this matter;

b.  empanel a jury to hear and decide this matter;

c.  award to plaintiff compensatory damages to compensate her for lost wages and benefits and physical and emotional damages;

d.  award to plaintiff punitive damages on the Federal claims in light of defendant's conscious disregard of the civil rights laws;

e.  award to plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

f.  award such other damages and relief deemed just and proper.

Dated:     December 12, 2006

Respectfully submitted,

STEPHEN BERGSTEIN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

5